IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

Vs.                                      No. 01-40024-01-SAC

MARCO ANTONIO VEGA,

        Defendant.

MEMORANDUM AND ORDER

The defendant Marco Antonio Vega pled guilty to a single-count information charging conspiracy to distribute 500 grams or more of a methamphetamine mixture in violation of 21 U.S.C. § 846. (Dk. 79). The court sentenced the defendant to 151 months of imprisonment. (Dk. 119). The defendant appealed his sentence as calculated under the Sentencing Guidelines. (Dk. 118). In its opinion filed December 5, 2002, the Tenth Circuit affirmed the district court's judgment and sentence. (Dk. 132).

Citing 28 U.S.C. § 753(f), the defendant asks the court to provide him with the docket sheet, transcripts of the change of plea hearing and the sentencing, and copies of all motions filed. (Dk. 140). The defendant states he is indigent and needs these documents "to bring a non-frivolous collateral appeal." *Id.* The defendant further states that his

requests for this information from his trial counsel were not met.

An indigent § 2255 defendant is entitled to a free trial transcript upon the trial judge or a circuit judge certifying that "the suit or appeal is not frivolous and that the transcript is needed to decide the issue presented by the suit or appeal." 28 U.S.C. § 753(f). To receive the requested transcripts, the § 2255 petitioner "must first demonstrate that his claim is not frivolous and that the transcript is needed to decide the issue presented by the suit before the court is required to provide him with a free transcript." *Brown v. New Mexico District Court Clerks*, 141 F.3d 1184, 1998 WL 123064, at *3 n. 1 (10th Cir. Mar. 19, 1998) (Table) (citing *United States v. MacCollom*, 426 U.S. 317 (1976) (plurality)). The right to a free transcript does not arise from the simple desire to search for error in the record. *Ruark v. Gunter*, 958 F.2d 318, 319 (10th Cir.1992). A naked assertion of ineffective assistance of counsel without supporting factual allegations will not satisfy the requirements of § 753(f). *See MacCollom*, 426 U.S. at 326-27; *Ruark v. Gunter*, 958 F.2d at 319. "[S]ection 753(f) is the exclusive provision governing requests by indigent prisoners for free transcripts, whether or not the transcripts already exist." *Sistrunk v. United States*, 992 F.2d 258, 260 (10th Cir. 1993)

The defendant has not filed a motion for relief under § 2255. His request fails to articulate any demonstrable need for the transcripts or other documents. From the Court's review of the file, it appears that if the defendant were to file a § 2255 motion it would be summarily dismissed as untimely. As amended by the Antiterrorism and Effective Death Penalty Act, 28 U.S.C. § 2255 includes a one-year limitation period for federal prisoners to file § 2255 motions. *United States v. Hurst*, 322 F.3d 1256, 1259 (10th Cir. 2003). The limitation period runs "from . . . the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1). When a direct appeal is taken, "a criminal conviction becomes final when the Supreme Court affirms it on direct review, denies certiorari, or (in the absence of a certiorari petition) the time for filing a certiorari petition expires." *United States v. Prows*, 448 F.3d 1223, 1227 (10th Cir. 2006) (citing *Clay v. United States*, 537 U.S. 522, 527 (2003)). No petition for certiorari was filed, so the defendant's conviction became final ninety days after the Tenth Circuit affirmed on appeal. For the defendant to bring a timely § 2255 action, it would have had to been filed before April of 2004, or he would need to prove now one of the exceptions in § 2255(f). The defendant's motion, however, does not suggest that any of the exceptions

3

would be applicable here.

In short, the defendant has not made any showing of a particularized need for the transcripts. The defendant's conclusory comment regarding an intent to file a collateral attack on his conviction does not satisfy the requirements of 28 U.S.C. § 753(f). *See United States v. Austin*, 48 F.3d 1233, 1995 WL 94632 (10th Cir.1995) (Table) ("We have construed section 753(f) as requiring that the defendant show "particularized need" for the transcript.") (citation omitted)); *Sistrunk v. United States*, 992 F.2d at 259 ("Conclusory allegations that a defendant was denied effective assistance of counsel, without more, do not satisfy the requirements of § 753(f)."). The court does authorize defendant's former trial counsel to provide the defendant with those requested materials in the counsel's possession.

IT IS THEREFORE ORDERED that the defendant's motion for transcripts and other pleadings (Dk. 140) is denied, but a copy of the docket sheet will accompany the copy of this order sent to the defendant.

Dated this 19th day of May, 2009, Topeka, Kansas.

        s/ Sam A. Crow
        Sam A. Crow, U.S. District Senior Judge